IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2019 APR -8  PM 4: 12

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| UNILOC USA, INC. AND | § | |
| UNILOC LUXEMBOURG, S.A., | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CAUSE NO. A-18-CV-0989-LY |
| | § | |
| APPLE INC., | § | |
| DEFENDANT. | § | |

## ORDER TRANSFERRING VENUE TO NORTHERN DISTRICT OF CALIFORNIA AND DISMISSING MOTION TO DISMISS WITHOUT PREJUDICE

Before the court in the above-styled and numbered patent-infringement action are Defendant

Apple Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed December 21, 2018

(Clerk's Document No. 24), Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s

(collectively "Uniloc") Plaintiffs' Combined Opposition to Defendant Apple Inc.'s Motion to

Transfer Pursuant to 28 U.S.C. § 1404(a) filed February 15, 2019 (Clerk's Document No. 30), and

Apple's Reply In Support of Its Combined Motions to Transfer filed March 1, 2019 (Clerk's

Document No. 31). Apple requests that the court transfer this action to the United States District

Court for the Northern District of California, arguing that in the interest of justice California is a

more convenient forum for the parties and witnesses involved in the case. Having considered the

motion, response, reply, and applicable law, the court will grant the motion and transfer the case to

the Northern District of California.[1]

---

[1] Also pending before the court is Apple Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed December 21, 2018 (Clerk's Document No. 21), which the court will dismiss without prejudice.

**Background**

Uniloc Luxembourg, S.A. is a Luxembourg entity with its principal place of business in Luxembourg. Uniloc U.S.A., Inc., maintains its principal business office in Newport Beach, California, has headquarters in Irvine, California, and has maintained offices in Plano, Texas, since 2007, and in Tyler, Texas, since 2009. Apple is a California corporation, with its principal place of business in Cupertino, California, which is within the Northern District of California. Apple also maintains places of business in Austin, Texas–a 1.1 million square-foot campus and a separate 216,000 square-foot campus. Apple employs more that 6,000 employees at these Austin facilities.

Uniloc alleges that Apple infringes Uniloc's rights to United States Patent No. 6,836,616, titled "System and Method for Providing Service Provider Configurations for Telephones Using a Central Server in a Data Network Telephony System" issued February 15, 2005. Uniloc accuses certain of Apple's iPhones, iPads, and Apple Watches. Apple argues that the United States District Court for the Northern District of California is clearly the more convenient venue to litigate and try this case primarily because the disputes here lack any connection to Apple's Austin facilities, and all but one relevant witness is located within the Northern District of California.

**The law**

Transferring venue of an action is appropriate "[f]or the convenience of the parties and witnesses, in the interest of justice" to any district "where [the lawsuit] might have been brought." 28 U.S.C. § 1404(a) ("Section 1404(a)"). A patent-infringement action "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) ("Section 1400(b)"). The threshold question for transfer under Section 1404(a) is whether this case "might

2

have been brought" in the venue sought by Apple–Northern District of California. *See In re Genetech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (applying *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 312 (5th Cir. 2008) (en banc)).[2]

Under the first clause of Section 1400(b), venue is proper in the district where the defendant "resides," which the Supreme Court interpreted to mean "only [in] the State of incorporation." *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, ___ U.S. ___, 137 S.Ct. 1514, 1521 (2017); *In re BigCommerce, Inc.*, 890 F.3d 978, 982-83 (Fed. Cir. 2018). Venue may also be proper under the second clause of Section 1400(b) where the defendant has committed acts of infringement and has a regular and established place of business. *See In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Once that threshold is met, courts analyze both private and public interest factors relating to the convenience of parties and witnesses, as well as the interests of the different venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009). The private-interest factors are:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive.

---

[2] Federal Circuit law determines whether venue is proper under Section 1400(b). *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018). Fifth Circuit law determines whether a transfer is proper under Section 1404(a). See *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (Section 1404(a) is "governed by the law of the regional circuit in which it sits.") The Federal Circuit's application of Fifth Circuit law to patent-specific transfers is persuasive when applied to the facts of this case.

*In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004).  The public-interest factors are:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.*  These factors are reviewed based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).  Though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

In the Fifth Circuit, plaintiff's choice of venue is not considered a separate factor in the venue determination.  *Id.*  However, "[t]he Court must [] give some weight to the plaintiffs' choice of forum." *Atlantic Marine Const. Co. v. United States Dist. Ct. for W. Dist. of Tex.*, 134 S.Ct. 568, 581 n.6 (2013) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

**Analysis**

**Where the suit could have been brought**

The parties do not dispute that Uniloc could have commenced this action in the Northern District of California.  The court finds that the threshold requirement for transferring this action for the convenience of the parties and witnesses is satisfied.

**Private- and public-interest factors**

The court reviews the parties' arguments with regard to each applicable factor.

### *Private-interest factor–ease of access to proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d at 1345. All of the documents relating to the design and development of the accused technology were generated around Cupertino, California and are stored there. Additionally, the primary research, design, development, facilities, and engineers for the alleged infringing products are located near Cupertino. Also, all of Apple's relevant financial and marketing documents are located near Cupertino. Apple argues the overwhelming majority of the sources of proof regarding the alleged infringing products and technology are in the Northern District of California. Also, Apple has identified third parties who are located in the Northern District of California. Apple argues that these third parties likely maintain relevant documents in California.

Uniloc responds that in patent litigation today most of the relevant information in this case is likely maintained in electronic form, which would be easily accessible from Apple's substantial Austin facilities. Therefore, Uniloc argues, the location of the actual relevant paper documents is of little consequence to the convenience of the parties.

Having considered the parties' arguments, whether the relevant evidence is in electronic form or not, access to the relevant proof tends to favor venue of this action in the Northern District of California.

### *Private-interest factor–availability of compulsory process*

Transfer is favored if a transferee forum has absolute subpoena power over a greater number of third-party witnesses. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009); *Genetech*, 566 F.3d at 1345. A court may subpoena a witness to attend trial only: (1) "within 100

miles of where the person resides, is employed, or regularly transacts business in person;" or (2) "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1).

Apple argues that the Northern District of California would have absolute subpoena power over several relevant third-party witnesses as well as some Uniloc witnesses who reside in California. Apple is unaware of any third-party witnesses within the Western District of Texas.

The court agrees. There is no showing that any relevant third-party witness is within the applicable compulsory-process range of this court. The court finds that this factor weighs in favor of transferring venue to the Northern District of California.

### *Private-interest factor–attendance of willing witnesses*

Apple provides proof that all of its relevant witnesses identified to date–including 18 witnesses identified by name–are in the Northern District of California, with none in this district. "The convenience of the witnesses is probably the single most important factor in [a venue] transfer analysis." *In re Genentech*, 566 F.3d at 1342. In considering this factor, the court also includes Apple's employee-witnesses, all of whom are in the Northern District of California. *See Volkswagen I*, 371 F.3d at 204. Uniloc makes no mention of its own witnesses.

The court finds that this factor weighs in favor of transferring venue to the Northern District of California.

### *Private-interest factor–other practical considerations*

Having reviewed the parties' arguments about other practical considerations–whether judicial economy favors one side and the fact that other Uniloc patent-infringement cases against Apple have

been transferred from other Texas federal courts to the Northern District of California–the court finds that these matters are neutral and favor neither side in the venue analysis.

### *Public-interest factors*

Apple argues that the applicable public-interest factors favor transfer to the Northern District of California. Apple argues that the Northern District of California has a strong local interest in this matter as it is the location where the alleged infringing products and software were designed and developed. Additionally, all of Apple's employees with relevant information about these products and software are based in that district. Apple also argues that Uniloc has shown no connection to the Western District of Texas. Apple argues that the court-congestion factor favors a transfer to California because there, the average time to trial for patent cases is 836 days, versus in the Western District, the average time to trial is 946 days.

Uniloc challenges the statistics Apple relies upon for its court-congestion argument, contending that Apple's data is inaccurate. Additionally, Uniloc responds that given Apple's significant presence in Austin, the local-interest public factor weighs in favor of maintaining the action in this court.

The proof shows that Apple has a substantial presence in this district and in Northern California, so therefore, both districts have local interest in the case. As for court congestion, whether Apple's statistics are correct or not, this court is unpersuaded that this factor favors one side or the other. The court finds that the relevant public-interest factors are neutral.

### Uniloc's venue choice

Although the court does not review Uniloc's choice to file this action in the Western District of Texas as a separate factor in the venue analysis, the choice is given some weight. *See Atlantic*

*Marine*, 134 S.Ct. at 581 n.6. "Plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), [and the Supreme Court has] termed their selection 'the plaintiff's venue privilege.'" *Atlantic Marine*, 134 S.Ct. at 581. In the Fifth Circuit, the venue privilege contributes to the defendant's elevated burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *see also Nintendo*, 589 F.3d at 1200.

The court has considered Uniloc's forum choice to proceed in this court. The court concludes, however, that Apple has met its burden to show that the Northern District of California is clearly more convenient for the parties and witnesses.

**Conclusion**

The court has considered all of the relevant private- and public-interest factors as well as Uniloc's preference to maintain the action in this court. A significant number of party and non-party witnesses are in California and Apple has shown that the convenience of the witnesses weighs strongly in favor of transfer. Additionally, most of the relevant witnesses determined as of this stage in the litigation are within the subpoena power of the Northen District of California and are beyond the subpoena range of Western District of Texas. Having considered the relevant factors, the court is of the opinion that Apple has satisfied its burden and shown good cause why the Northern District of California is clearly a more convenient forum for the parties and witnesses and that this action should be transferred to California.

**IT IS ORDERED** that Defendant Apple Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) filed December 21, 2018 (Clerk's Document No. 24) is **GRANTED** and this cause is **TRANSFERRED** to the United States District Court for the Northern District of California.

**IT IS FURTHER ORDERED** that because Uniloc filed a First Amended Complaint for Patent Infringement on January 8, 2019, Apple's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed December 18, 2018 (Clerk's Document No. 21) is **DISMISSED WITHOUT PREJUDICE**.

**FINALLY IT IS ORDERED** that the Clerk of Court forward the file to the United States District Court for the Northern District of California.

SIGNED this _____ day of April, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE